WRIGHT, FINLAY & ZAK, LLP
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7967; Fax: (702) 946-1345
lrobbins@wrightlegal.net
*Attorneys for Plaintiff, The Bank of New York Mellon FKA The Bank of New York As Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-62 Mortgage Pass-through Certificates Series 2005-62*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-62 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-62,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WESTCOR LAND TITLE INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No.: 2:19-cv-00517-RFB-NJK<br><br>**STIPULATION AND ORDER TO STAY CASE PENDING APPEAL** |

Plaintiff, The Bank of New York Mellon FKA The Bank of New York As Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-62 Mortgage Pass-Through Certificates Series 2005-62 (hereinafter "BONY"), and Defendant Westcor Land Title Insurance Company, ("Westcor") (collectively, the "Parties"), by and through their counsel of record, hereby agree and stipulate as follows.

**WHEREAS**, there are now currently pending in the United States District Court for the District of Nevada more than three dozen actions between national banks, on the one hand, and their title insurers, on the other hand (the "Actions");

**WHEREAS**, each of the Actions involves a title insurance coverage dispute wherein the national bank contends, and the title insurer disputes, that a title insurance claim involving an HOA assessment lien and subsequent sale was covered by a policy of title insurance;

**WHEREAS**, in virtually all of these Actions, the title insurer underwrote an ALTA 1992 loan policy of title insurance with form 1 coverage, along with the CLTA 100/ALTA 9 Endorsement and either the CLTA 115.1/ALTA 4 Endorsement or the CLTA 115.2/ALTA 5 Endorsement (the "Form Policy");

**WHEREAS**, each of the Actions implicates common questions of interpretation of the Form Policy;

**WHEREAS**, the national bank in one of these actions has now appealed a judgment of dismissal to the Ninth Circuit Court of Appeals, *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II* Appeal");

**WHEREAS**, the Parties anticipate that the Ninth Circuit Court of Appeals' decision in the *Wells Fargo II* Appeal will likely touch upon issues regarding the interpretation of the Form Policy and the reasonableness of the insurer's denial, that could potentially affect the disposition of the other Actions, including the instant action;

**WHEREAS**, BONY previously moved to stay the instant action pending the disposition of the *Wells Fargo II* Appeal [ECF No. 38] (the "Motion to Stay");

**WHEREAS** both of the Parties intend that the instant Stipulation is to withdraw and replace the previously filed Motion to Stay;

**WHEREAS** both of the Parties agree that it is appropriate and desirous to stay the instant action pending the disposition of the *Wells Fargo II* Appeal, that a stay of the instant action will

not prejudice either of the Parties, and that a stay of the instant action will best serve the interests of judicial economy (given the possibility that the Ninth Circuit Court of Appeals' decision on the *Wells Fargo II* Appeal might affect the disposition of this case);

**NOW THEREFORE**, the Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. The instant action shall immediately be **STAYED**, pending the disposition of the *Wells Fargo II* Appeal.

2. The scheduling order previously entered in this action is hereby **VACATED**.

3. Each of the Parties shall be excused from responding to any now-outstanding discovery requests propounded by the other until after the stay is lifted.

4. Any now-pending deadlines to file responses to, or replies in support of, any outstanding motions are hereby **VACATED**.

/ / /

/ / /

/ / /

/ / /

/ / /

5. By entering into this stipulation, neither of the Parties is waiving its right to subsequently move the Court for an order lifting the stay in this action.

DATED this 16th day of January, 2020.                    DATED this 16th day of January, 2020.

**WRIGHT, FINLAY & ZAK, LLP**                            **RESNICK & LOUIS, P.C.**

*/s/ Lindsay D. Robbins*                                 */s/ Sue Trazig Cavaco*
Lindsay D. Robbins, Esq.                                 Sue Trazig Cavaco, Esq.
Nevada Bar No. 13474                                     Nevada Bar No. 6150
7785 W. Sahara Ave., Suite 200                           Emily Navasca, Esq.
Las Vegas, NV 89117                                      Nevada Bar No. 13202
*Attorney for Plaintiff The Bank of New York*            8925 West Russel Rd., Suite 220
*Mellon FKA The Bank of New York As*                     Las Vegas, NV 89148
*Trustee for the Certificateholders CWALT,*              *Attorneys for Defendant, Westcor Land Title*
*Inc. Alternative Loan Trust 2005-62*                    *Insurance Company*
*Mortgage Pass-through Certificates Series*
*2005-62*

**IT IS SO ORDERED.**

    Dated this  21st  day of    January    , 2020.

                                              RICHARD F. BOULWARE, II
                                              UNITED STATES DISTRICT JUDGE